In the Matter of CARL M. MITCHELL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 17, 1992

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with four

allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm Special Referee's report, and the respondent cross-moves to disaffirm it.

Charge One alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by converting funds and/or failing to account for funds entrusted to him to be held in escrow. In or about July 1985 the respondent was representing Harriet and Edward Kavanagh with respect to the sale of real estate. Pursuant to the contract of sale, the sum of $6,750 was forwarded to the respondent as a down payment on the property. On or about July 23, 1985, the respondent deposited or caused to be deposited the aforesaid sum into his escrow account. The closing on the property took place on January 16, 1986. Between July 23, 1985, and January 16, 1986, the respondent was required to hold the sum of $6,750 in escrow. Between July 23, 1985, and January 16, 1986, the balance in the respondent's escrow account dipped below $6,750. On November 25, 1985, the respondent's account was overdrawn in the amount of $1,207.84.

Charge Two alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by converting funds and/or failing to account for funds entrusted to him to be held in escrow. At the closing referred to in Charge One, the respondent executed a written escrow agreement, whereby he agreed to hold the sum of $2,000 in escrow until several items of property were repaired and a boat was removed from the property. The funds pertaining to this escrow agreement were part of the $6,750 down payment, and, in consequence thereof, had been deposited into the respondent's escrow account when the down payment on the transaction was deposited. The respondent did not release any of the funds held pursuant to that escrow agreement to the parties until in or about September 1987.

In or about March 1986 the respondent represented Jeffrey A. and Laurie J. Carroll in connection with the sale of real property. On or about March 24, 1986, while still retaining $2,000 pursuant to the January 1986 escrow agreement relating to the Kavanagh closing, the respondent deposited an additional sum of $2,000 into his escrow account as a partial down payment relating to the Carroll closing. This brought to $4,000 the total amount the respondent was required to hold. On March 25, 1986, the balance in the respondent's escrow account was $2,173.28.

Charge Three alleged that the respondent neglected a legal matter entrusted to him and engaged in conduct which adversely reflects on his fitness to practice law. In or about December 1983 Stephen Castrogiovanni retained the respondent to represent him with respect to damages he sustained when an oil company negligently flooded his basement with oil in October 1983. The respondent failed to commence an action against the fuel company for the damages sustained by the complainant due to the fuel company's negligent delivery of the oil. The Statute of Limitations has expired on the claim.

Charge Four alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law. Between December 1983 and February 1991 the respondent did not properly communicate with Mr. Castrogiovanni and failed to inform him of the status of his case. Although the Statute of Limitations ran in or about 1986, the respondent did not personally inform Mr. Castrogiovanni of this fact either before or after the Statute of Limitations had run. Moreover, when the respondent knew or should have known that the Statute of Limitations had run, he continued to advise Mr. Castrogiovanni that he would contact the fuel company's insurance carrier concerning the claim. Mr. Castrogiovanni first learned that his action for damages had been foreclosed by the respondent's failure to act when the respondent submitted his answer, dated February 25, 1991, to the petitioner.

After reviewing all of the evidence adduced, we specifically find that the respondent has violated DR 1-102 (A) (7) and DR 6-101 (A) (3) of the Code of Professional Responsibility. Accordingly, all four charges of professional misconduct alleged against the respondent are sustained, to the extent that they are predicated upon violations of DR 1-102 (A) (7) and DR 6-101 (A) (3), and the motion to confirm the Special Referee's report is granted. The respondent's cross motion is denied.

In determining the appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent, including the extensive litigation leading up to his divorce and the fire which destroyed the building in which his law office was located in April 1989. The respondent is, nevertheless, guilty of serious professional misconduct which warrants his disbarment.

MANGANO, P. J., THOMPSON, SULLIVAN, HARWOOD and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Carl M. Mitchell is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl M. Mitchell is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.